UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| ALBERTO GONZALES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the District of Maryland.

Having been indicted on murder charges in Montgomery County, Maryland, plaintiff currently is detained at the Clifton T. Perkins Hospital Center in Jessup, Maryland. He alleges that detectives of the Montgomery County Police Department and prosecutors of the Maryland State's Attorney's Office committed various acts of misconduct while investigating and pursuing criminal charges against plaintiff. He brings constitutional and tort claims against the defendants, including the United States Attorney General, and demands compensatory and punitive damages.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease
> of access to sources of proof; availability of compulsory processes

> to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff describes events occurring in Montgomery County, Maryland and principally involving Maryland officials and employees. Potential witnesses in this case would likely be in Maryland, which is plaintiff's place of detention. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the District of Maryland.

SO ORDERED.

_____
United States District Judge

Date: 11/8/06

2